

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROCHESTER FLOORING KITCHEN & BATH INC.,

    Plaintiff,

v.

JASON CALDER and ROCHESTER FLOORING, INC.,

    Defendants.

**STIPULATED PERMANENT INJUNCTION ORDER AND FINAL JUDGMENT**

Case No.: 19-CV-6080-FPG

---

    Plaintiff Rochester Flooring Kitchen and Bath, Inc. ("Rochester Flooring" or "Plaintiff") filed its Complaint on January 1, 2019, against defendants Jason Calder and Rochester Flooring, Inc. This lawsuit was resolved by Rochester Flooring, Inc. agreeing to, among other things, change its name to Calder Homes, LLC as successor by name change, conversion or assignment from Rochester Flooring, Inc. (Jason Calder, Rochester Flooring, and Calder Homes, LLC as successor by name change, conversion or assignment from Rochester Flooring, Inc., are individually and collectively referred to herein as the "Calder Party" or "Defendants"). Plaintiff brought this action against Defendants based on Defendants' willful infringement of Plaintiff's service mark in violation of the Lanham Act and applicable New York State law ("Lawsuit").

    Defendants now stipulate and consent this Stipulated Permanent Injunction Order and Final Judgment, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

    NOW THEREFORE, upon stipulation and consent of the parties hereto, IT

IS ORDERED, ADJUDGED, AND DECREED:

1. Plaintiff Rochester Flooring is a corporation organized under the laws of New York, with a business address at 360 Jefferson Road, Rochester, New York 14623.

2. Defendant Rochester Flooring, Inc. is a corporation organized under the laws of State of New York, with a business address at 100 Tripple Diamond Way, Webster, New York 14580. Defendant Jason Calder is an individual with an address at 100 Tripple Diamond Way, Webster, New York 14580.

3. The Court has personal jurisdiction over Defendants based upon the fact that Defendants conducts business in New York. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark/service mark and unfair competition), and § 1367 (supplemental jurisdiction).

4. From 1963 to 2018, the Pelusio family has provided high-quality home and commercial renovation services and procured related products in Western New York through Rochester Linoleum and Carpet Center, Inc. ("Rochester Linoleum").

5. Among other things, Rochester Linoleum offered flooring and flooring installation services, as well as kitchen and bathroom design, component and material procurement, and installation. Plaintiff devotes a significant amount of time, energy, and resources to building and protecting the value of its brand, name, and reputation. Plaintiff enjoys significant goodwill and a positive business reputation.

6. To promote and protect its brand, Rochester Linoleum registered ROCHESTER FLOORING RESOURCE® as a service mark with the United States Patent and Trademark Office ("USPTO") (U.S. Trademark Registration No. 4,609,085) for use in association with contracting services in the field of flooring, carpentry contractor services,

installation of flooring, and procurement of floor products for others ("Registered Mark").

7. Plaintiff filed the Registered Mark on February 6, 2014, and claimed a date of first use of the Registered Mark at least as early as 2000.

8. In 2018, Canandaigua National Bank effected a sale of all Rochester Linoleum's assets under the New York Uniform Commercial Code ("UCC"). Plaintiff purchased Rochester Linoleum's assets in an arm's length transaction—including the Registered Mark and the goodwill associated therewith—at this UCC sale.

9. Under this new corporate structure, Plaintiff provided services like that Rochester Linoleum had continuously provided since 1963. To further document this UCC sale, Rochester Linoleum also assigned the Registered Mark—and all associated rights and goodwill—to Plaintiff on October 22, 2018, and recorded the assignment with the USPTO on October 24, 2018. The Registered Mark is valid, subsisting, and is in full force and effect. Since the date of first use, and continuing to the present, the Registered Mark has been continuously used in commerce in connection with the sale, advertising and rendering of Plaintiff's services.

10. Additionally, Plaintiff or its predecessors have continuously used the unregistered service mark "Rochester Flooring" in commerce since as early as 2004 ("Unregistered Mark," the Registered Mark and Unregistered Mark collectively, "Marks").

11. The Unregistered Mark has become synonymous with the high-quality services Plaintiff provides, and has gained secondary meaning in the eyes of consumers. Consumers recognize the Marks as being associated with Plaintiff's high-quality services. Defendants are competitors of Plaintiff.

12. Defendants offer contracting services in the Western New York area,

including kitchen and bath remodeling, and flooring procurement and installation. Plaintiff has discovered that Defendants have been using the name "Rochester Flooring" in association with their services, including but not limited to their website (available at https://www.rochester-flooring.com), Facebook page (available at https://www.facebook.com/RochesterFlooring), and fleet vehicles. Defendants' use of "Rochester Flooring" commenced after 2004. Defendants' use of "Rochester Flooring" is without Plaintiff's authorization or consent, and has caused consumer confusion regarding the source of Defendants' services. Specifically, Plaintiff has become aware that Defendants' unauthorized use of "Rochester Flooring" has caused consumers to mistakenly believe that Defendants' services are somehow affiliated with, offered, sponsored, or approved by Plaintiff. Plaintiff and Defendant are in no way affiliated.

13. Defendants, on behalf of themselves, their predecessors, successors, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns, including Calder Homes, LLC, and its past, present, and future officers, directors, shareholders, partners, agents, employees, managers, heirs, survivors, executors, legal representatives, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, are permanently enjoined and restrained from directly or indirectly as of April 1, 2021, from:

    a. Using the Marks or phrase "Rochester Flooring" or any confusingly similar marks or phrase in any way or using any word, words, phrases, symbols, logos, or any variation combination of words "Rochester Flooring," or symbol that would create a likelihood of confusion, mistake, or deception therewith in connection with or in the

marketing, offering, selling, procurement, website, installation or disposing of, contracting services, including kitchen and bath remodeling, and flooring procurement and installation;

b. Maintaining any materials in its possession or under its control that contain infringements of, or things likely to cause confusion with, the Marks or phrase "Rochester Flooring";

c. Using the name Rochester Flooring to unfairly compete with Plaintiff;

d. Doing any other act likely to induce the mistaken belief that Defendants or their goods or services or commercial activities are in any way affiliated, connected, or associated with Plaintiff or its goods or services;

e. Causing likelihood of confusion, injury to Plaintiff's business reputation, or dilution of the distinctiveness of Plaintiff's Marks, phrase "Rochester Flooring," symbols, labels, or forms of advertisement;

f. Committing service mark/trademark infringement, trade dress infringement, service mark/trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or interference with prospective economic advantage and/or any other act or making any other statement that infringes or dilutes Plaintiff's Marks or constitutes an act of infringement, dilution, unfair competition, untrue and misleading advertising, and/or interference with prospective economic advantage, under federal law and/or the

laws of the state of New York;

g. Doing business under the name or changing its name in a manner that includes the phrase "Rochester Flooring" or any variation or combination of the same; and

h. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (g).

14. In the event Defendants breach any term of this Stipulated Permanent Injunction Order and Final Judgment, or otherwise infringes or dilutes Plaintiff's service mark or Marks, Plaintiff shall be entitled to injunctive relief, damages, and profits, and Defendants shall pay Plaintiff's attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

15. Defendants agree that the District Court for the Western District of New York shall retain personal jurisdiction over Defendants in any dispute involving this Stipulated Permanent Injunction Order and Final Judgment and any future violation of Plaintiff's service marks, phrase "Rochester Flooring" or Marks.

16. The Permanent Injunction shall remain in full force and effect until modified by order of this Court.

17. The parties shall bear their own fees and costs for this action.

18. The Lawsuit is otherwise dismissed and discontinued.

IT IS SO ORDERED:

Date: 12/21/2020

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

## CONSENT TO ENTRY

The parties hereby consent to the terms and conditions of this Stipulated Permanent Injunction Order and Final Judgment as set forth herein and consent to entry thereof

Rochester Flooring Kitchen & Bath, Inc.

By: _____
Print Name: Albert Pelusio, Authorized Signatory
Date: 12/10/20

Rochester Flooring, Inc.

By: _____
Print Name: Jason Calder, Authorized Signatory
Date: 12-16-2020

Calder Homes, LLC as successor by name change, conversion or assignment from Rochester Flooring, Inc.

By: _____
Print Name: Jason Calder, Authorized Signatory
Date: 12-16-2020

Jason Calder

By: _____
Date: 12-16-2020

- 8 -